

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 25, 1960

Mr. Coke R. Stevenson, Jr.          Opinion No. WW-816
Administrator
Texas Liquor Control Board          Re: Whether or not Art. 667,
Austin, Texas                           Section 23¼(d) of the Penal
                                        Code permits the tax on
                                        beer to be refunded when
                                        such beer is sold to an
                                        individual who has a contract
                                        with a National Military
                                        Establishment to operate a
                                        concession within the enclosures
Dear Mr. Stevenson:                     of such establishment?

We quote from your opinion request as follows:

"Article 667, Section 23¼(d), of the
Penal Code of Texas, provides, to-wit:

"'It is not intended that the tax
levied in Section 23 of Article II of
the Texas Liquor Control Act shall be
collected on beer shipped out of this State
for consumption outside this State, or
sold aboard ships for ship's supplies, or
on beer shipped to any installation of the
National Military Establishment, wherein
the State of Texas has ceded police juris-
diction, for consumption by military
personnel within said installation, and the
Board shall provide forms on which Distrib-
utors and Manufacturers may claim and obtain
exemption from the tax on such beer.  If
any Distributor or Manufacturer has paid the
tax on any beer and thereafter said beer is
shipped out of this State, for consumption
outside this State, or sold aboard ships for
ship's supplies, or is shipped into any
installation of the National Military Estab-
lishment as referred to above, for consumption
by military personnel therein, a claim for
refund may be made at the time and in the
manner prescribed by the Board or Administrator.
So much of any funds derived hereunder as may
be necessary, not to exceed two per cent (2%)

thereof, is hereby appropriated for such purpose. The Board may promulgate rules and regulations generally for the enforcement of this provision.'

"This Department interpreted the above to mean that if the beer is sold to, invoiced to, or shipped to, and paid for by an installation of the National Military Establishment, where police jurisdiction has been ceded by the State, that the State tax exemption should be allowed. On the other hand, if this merchandise is shipped to, invoiced to, or paid for by a civilian concessionaire who is operating for individual profit that the State tax exemption should not be allowed.

"The situation in question is where a concessionaire who is a civilian and is not a memeber of any branch of the Armed Services of the United States has been granted a concession to operate a snack bar in a National Military Establishment where police jurisdiction has been ceded by the State. The beer is served at this snack bar located in a bowling alley. The bowling alley is located within the area of the National Military Establishment. The concession agreement provides that the concessionaire shall not sell the products, services, and merchandise of the concession to any person except those authorized to be present in and utilize the facilities of the bowling alley in accordance with applicable military regulations or directives now in effect.

"In order to answer inquiries concerning the sale of tax free beer to an individual who holds a concession in a National Military Establishment, we respectfully request your opinion as to the following questions:

"1. Whether or not Article 667, 23¼(d), of the Penal Code permits the tax on beer to be refunded when such beer is sold to an individual who has a contract with a National Military Establishment to operate a concession within the enclosures of such establishment?

"2.  Or, is the criterion for tax exemption
not whether the purchaser of the beer is a
civilian, but, rather, whether or not the
State of Texas has any jurisdiction over the
place where the beer is ultimately sold?

"These questions are not the subject of
any pending litigation and your opinion is
necessary in order that we may properly advise
a concessionaire operating on a National
Military Establishment where the State of
Texas has ceded police jurisdiction."

A careful examination of the terms of Art. 667, Sec. $23\frac{1}{4}$
(d), Tex.Pen.Code, reveals no basis for your departmental
interpretation.  It is not required that the beer be <u>sold to</u>
a military installation, but only that it be <u>shipped to the</u>
installation for consumption therein by military personnel.
This proposition is clarified somewhat by reference to the
second sentence of the questioned article, which states, in
part:

"If any Distributor or Manufacturer has
paid the tax on any beer and thereafter said
beer. . .is shipped <u>into</u> any installation. . .
a claim for refund may be made."

As pointed out by Attorney General's Opinion No. WW-354,
three requirements must be met before refunds may be made in
cases of this nature:

1.  The beer must be shipped into an installation of the
National Military Establishment;

2.  police jurisdiction over the installation in question
must have been ceded by the State of Texas; and

3.  the beer must be intended for consumption by
military personnel within the installation.

According to the facts set forth in your letter, all three
requirements have been met.  Accordingly, refund should be made.

## S U M M A R Y

Under the terms of Article 667, Section $23\frac{1}{4}$
(d), Tex.Pen.Code, the Texas Liquor Control
Board should make refund of taxes paid on beer
shipped to a civilian concessionaire within a

military installation wherein police
jurisdiction has been ceded where such beer
is intended for consumption by military
personnel within the installation.

Yours very truly,

WILL WILSON
Attorney General of Texas

By  Jack N. Price
Jack N. Price
Assistant

JNP:cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

William T. Blackburn
John Lawrence Hargrove
Robert A. Rowland

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore